IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GALLATIN COUNTY, MONTANA,<br><br>                              Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | CV 13-43-BU-DLC |

## CONSENT DECREE

### I. BACKGROUND

A.  This action involves claims by Plaintiff Gallatin County, Montana ("Plaintiff") against Defendant the United States of America ("United States") for declaratory relief under the Quiet Title Act, 28 U.S.C. 2409a, and cost recovery under the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671-2680, and counterclaims by the United States against Plaintiff for declaratory relief, cost recovery, and recoupment.

B.  These claims and counterclaims relate to a route through Bear Canyon, which is located in the east-central portion of Gallatin County, Montana and which route begins approximately 4 miles east of the city limits of Bozeman, in Section 1, T3S, R6E, M.P.M.

C.  The portion of said route that is the subject of this action travels in a southeasterly direction and terminates at the border between Gallatin County and Park County through and over lands that are currently owned by the State of Montana and by the United States. It is referred to by Plaintiff as Bear Canyon Road and by the United States as Bear Canyon trail (aka Forest Service Trail No. 440).

D.  Plaintiff Gallatin County claims that pursuant to Revised Statute 2477 (R.S. 2477), Act of July 26, 1866, ch. 262, 14 Stat. 251, repealed at 43 U.S.C. § 932, that historical evidence supports a public road right of way for the Bear Canyon route based on the use and travel by settlers and the early Bozeman community, which began sometime in the late nineteenth century. Gallatin County has alleged that an established public road right of way through Bear Canyon predates the creation of the Gallatin Forest Reserve (aka the Gallatin National Forest) in Bear Canyon and that a public road right of way has existed through Bear Canyon from at least the location of ski area in NE¼ of Section 1, T3S, R6E, M.P.M. traveling to the southeast and to the Park County line since prior to November 21, 1903, as partially evidenced by State Patent 456, in which reference is made to a "wagon road now in use through Bear Canyon," and which patent further states the "understanding that the right of the public to travel [the right of way] shall never be denied."

E.  The United States claims that the U.S. Forest Service (USFS) has been managing and maintaining the Bear Canyon trail (aka Forest Service Trail No. 440) for public recreational use from the location of the ski area or end of the maintained County road (in Section 1, T 3S, R6E, M.P.M.) to the Park County line across land owned by both the State of Montana and United States. The United States further claims that Gallatin County never established a valid County road through Bear Canyon, either pursuant to R.S. 2477 or otherwise. Additionally, the United States claims that any historic route that may have existed through Bear Canyon has been obliterated over many decades as a result of naturally occurring landslides, soil movement and erosion, and that Plaintiff has not maintained any such historic route or trail, which has not been drivable by conventional vehicles for many decades.

2

F.  The disputed portion of the Bear Canyon route: begins on land owned by the State of Montana in the NE¼ of Section 1, T3S, R6E, M.P.M; continues southeast through state-owned land in Section 6, T3S, R7E, M.P.M; continues southeast and enters land owned by the United States in Section 7, T3S, R7E, M.P.M; and continues southeast to the Park County line.

G.  A map depicting the current approximate location of the disputed route is attached as Exhibit A.

H.  In 2002, the Montana Department of Environmental Quality (DEQ) issued a Water Quality Complaint concerning water quality in Bear Canyon. Thereafter, in 2006 and 2007, the United States and the Montana Department of Natural Resources and Conservation (DNRC) performed watershed restoration work to Bear Creek, which resulted in DEQ closing its complaint. Subsequently, the United States and DNRC relocated a portion of Forest Service Trail No. 440 away from Bear Creek and decommissioned the old route, in part by placing logs and rocks on the previous route. The United States asserts that the relocation of Trail 440 was necessary to address significant sediment issues associated with the old route, and to avoid Clean Water Act violations and address water quality complaints asserted by Montana DEQ.

I.  As part of this relocation of Trail 440, the United States acquired a "Right of Way Deed" from the State of Montana, State Board of Land Commissioners, Easement No. D-14509. This deed, which was recorded on April 29, 2013, conveyed an easement to the United States across land owned by the State of Montana in Section 1, T3S, R6E and Section 6, T3S, R7E, M.P.M.,

J.  On October 2, 2012, Plaintiff filed suit against the State of Montana in the Eighteenth Montana Judicial District, Gallatin County, seeking recognition of a county road and damages for trespass. On February 19, 2019, Plaintiff entered into a "Agreement and Stipulation for Dismissal of Claims Against the State of Montana" with the State of Montana (State Settlement

3

Agreement), thereby resolving Plaintiff's claims for declaratory relief for recognition of a county road route and intentional trespass subject to certain conditions (Cause Number DV-12-707AX).

K. On June 6, 2013, Plaintiff filed the Complaint that forms the basis of this lawsuit for declaratory relief under the Quiet Title Act and to obtain cost recovery from the United States under the Federal Tort Claims Act.

L. On August 9, 2013, the United States answered Plaintiff's Complaint and made counterclaims against Plaintiff for declaratory relief, cost recovery, and recoupment.

M. On November 26, 2013 Plaintiff and Defendant filed a joint motion to stay this action which the Court granted on November 27, 2013. The Plaintiff has filed Status Reports with the Court stating that the stay in this matter should continue pending final resolution of the consolidated state court case and since the Parties, herein, were discussing settlement of this matter consistent with the resolution of the state court case.

N. Pursuant to the State Settlement Agreement, the County intends to record a Right of Way Easement (State Easement).

O. The State Easement will provide that certain portions of Segment 1 of the "Bear Canyon trail" or "Bear Canyon route," as defined herein, overlap with interests of the United States as set forth in the Right of Way Deed, Easement No. D-14509 on file and of record in official records of the Clerk and Recorder of Gallatin County, Montana at Document Number 2447848, which is the aforementioned easement granted by the State of Montana to the United States.

P. The Parties now wish to enter into this Agreement: (1) to have a full and final resolution of Covered Matters, as defined herein; (2) to resolve jurisdictional conflicts regarding the Bear Canyon route; (3) resolve any and all existing monetary claims, including but not limited to any claims by Plaintiff for trespass or other past damages, and including but not limited to any claims

by the United States for recoupment; (4) to continue to provide reasonable public recreational access to State and NFS lands, while also protecting water quality in Bear Canyon; and (5) to avoid the complication and expense associated with a trial to determine the Parties' competing claims and counterclaims.

Q. The Parties agree, and the Court, by entering this Consent Decree finds, that this Agreement has been negotiated by the Parties in good faith, and implementation of this Agreement will avoid costly litigation between the Parties, and that this Agreement is fair, reasonable, lawful, and in the public interest.

NOW, THEREFORE, it is Ordered, Adjudged, and Decreed that:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §2409a and 28 U.S.C. §§1346(b), 2671-2680.

## III. PARTIES BOUND AND EFFECTIVE DATE

2. Except as provided in this Section, this Consent Decree is binding upon and inures to the benefit of Plaintiff and the United States. This Agreement does not extend to or inure to the benefit of any party, person, or entity other than Plaintiff and the United States, and nothing in this Agreement shall be construed to make any other person or entity a third-party beneficiary of this Agreement.

3. The Parties agree that this Consent Decree will not be lodged with the Court until and after the State Easement, referred to above in paragraphs N and O, is filed and recorded with the Clerk and Recorder of Gallatin County, Montana. In the event the State Easement does not get filed and recorded, the Parties agree to negotiate in good faith a replacement to this Agreement,

so as to take into consideration the absence of the State Easement, and that this Consent Decree shall have no legal effect or otherwise be binding upon the parties.

4.   The Effective Date of this Agreement shall be the date on which this Agreement is approved by the Court.

## IV. DEFINITIONS

5.   Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

"Agreement" or "Consent Decree" shall mean this Consent Decree and Judgment.

"Answer and Counterclaim" shall mean the United States' answer to Plaintiff's complaint and counterclaim for recoupment that was filed in this matter on August 9, 2013, as docket entry number 6.

"Bear Canyon trail" or "Bear Canyon route" shall mean that right of way or trail that begins approximately 4 miles east of the city limits of Bozeman, on state owned by the State of Montana in the NE¼ of Section 1, T3S, R6E, M.P.M; continues southeast through state land in Section 6, T3S, R7E, M.P.M; continues southeast and enters land owned by the United States in Section 7, T3S, R7E, M.P.M; and continues southeast to the Park County line, and includes both the trail/route's current location as well as its location immediately prior to June 2007, as depicted on the map attached hereto as Exhibit A.

"Complaint" shall mean the complaint filed by Gallatin County in this matter on June 6, 2013, as docket entry number 1.

"Covered matters" shall mean those factual allegations contained in paragraphs 21-44 of Plaintiff's Complaint as well as those factual allegations contained in paragraphs 18-30 (pages 8-11) and paragraphs 1-7 (pages 12-15) of the United States' Answer and Counterclaim.  Covered

matters also includes any claim by either Party for monetary or declaratory relief based on past actions on or relating to the Bear Canyon trail.

"Custer-Gallatin Travel Plan" or "Travel Plan" shall mean the Gallatin National Forest Travel Management Plan, published in December 2006, as modified by the Bear Canyon Travel Management Plan Modification, published in April 2011.

"Gallatin County" or "Plaintiff" shall mean Gallatin County, Montana, and each department, agency, and instrumentality of Gallatin County.

"Enforce" or "Enforcement" means to make good-faith efforts to prevent unauthorized travel of a Segment as defined herein. The uncapitalized words "enforce" or "enforcement" shall have their normal and accustomed definitions.

"Maintain" or "Maintenance" means to construct, repair, improve, grade, or surface any portion of the traveled way of any Segment as defined herein.

"NFS Lands" or "National Forest System Lands" means those lands and interests in land owned by the United States and administered by the Secretary of Agriculture through the USFS.

"Segment 1" shall mean that portion of the Bear Canyon trail that begins near the ski area and existing gate in the SE¼NE¼ of Section 1, T3S, R6E, M.P.M and continues in a generally southeast direction to near just before the existing footbridge over Bear Creek in the NE¼SW¼ of Section 6, T3S, R7E, M.P.M, as shown on Exhibit A.

"Segment 2" shall mean that portion of the Bear Canyon trail that begins just before the existing footbridge over Bear Creek in the NE¼SW¼ of Section 6, T3S, R7E, M.P.M and continues in a generally southeast direction to the south section line of Section 6, as shown on Exhibit A.

7

"Segment 3" shall mean that portion of the Bear Canyon trail that begins at the south section line of Section 6, T3S, R7E, M.P.M and continues in a generally southeast direction in the N½N½ of Section 7, T3S, R7E, M.P.M until its intersection with existing USFS Trail 440, as shown on Exhibit A.

"Segment 4" shall mean that portion of existing USFS Trail 440 beginning in the NE¼ of Section 7, T3S, R7E, M.P.M and continuing in a generally southeast direction until the Park County line, as shown on Exhibit A.

"USFS" shall mean the Forest Service in the United States Department of Agriculture.

"United States" shall mean the Defendant, United States of America and each department, agency, and instrumentality of the United States, including the USFS.

### V. COVENANTS BY PLAINTIFF AND RESERVATION OF RIGHTS

6. **Covenants by Plaintiff**. Subject to the reservations in Paragraph 7, Plaintiff covenants not to sue or to assert any claims or causes of action against the United States with respect to Covered Matters. Except as specified in this paragraph with respect to dismissal of monetary claims, these covenants shall take effect upon the Effective Date and are conditioned upon the satisfactory performance by the United States of its obligations under this Consent Decree. These covenants extend only to the United States and do not extend to any other person. These covenants include but are not limited to:

    a. any claims under the Quiet Title Act (28 U.S.C. § 2409a) or Revised Statute 2477 (R.S. 2477), Act of July 26, 1866, ch. 262, 14 Stat. 251, repealed at 43 U.S.C. § 932, regarding the Bear Canyon trail;

8

      b.  any direct or indirect claim for damages under Federal Torts Claim Act (28 U.S.C. §§1346(b), 2671-2680) regarding USFS activities on and to the Bear Canyon trail; and

      c.  any claims arising out of any past actions at or in connection with the Bear Canyon trail, including any claim under the United States Constitution, the State Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law.

With respect to the covenants identified above in subparagraphs (b) and (c), Plaintiff agrees that, within 60 days of this Agreement being lodged with the Court, and subject to the satisfactory performance by the United States of its obligations under this Consent Decree, Plaintiff will voluntarily dismiss with prejudice any pending claims for monetary relief, including any claim under the Federal Torts Claim Act or Tucker Act.

      7.  **General Reservation of Rights**. The covenants not to sue set forth in Paragraph 6 do not pertain to any matters other than those expressly specified therein. Plaintiff reserves onto itself, and this Consent Decree is without prejudice to, all rights against the United States with respect to all matters not expressly included within Plaintiff's covenants. Notwithstanding any other provision of this Consent Decree, Plaintiff reserves onto itself all rights against the United States with respect to liability for failure by the United States to meet a requirement of this Consent Decree and to enforce compliance with its terms. Additionally, Plaintiff reserves onto itself, and this Consent Decree is without prejudice to, the Plaintiff's authority to manage and enforce its public road right-of-way including but not limited to under Title 7, Chapter 14 and Title 60, Montana Code Annotated, *inter alia*.

## VI. COVENANTS BY THE UNITED STATES AND RESERVATION OF RIGHTS

8. **Covenants by United States**. Subject to the reservations in Paragraph 9, the United States covenants not to sue or to assert any claims or causes of action against Plaintiff with respect to Covered Matters. Except as specified in this paragraph with respect to dismissal of monetary claims, these covenants shall take effect upon the Effective Date and are conditioned upon the satisfactory performance by Plaintiff of its obligations under this Consent Decree. These covenants extend only to Plaintiff and do not extend to any other person. These covenants, include but are not limited to:

> a. any claims for recoupment for federal funds, resources and person hours in mitigating and remediating any past water quality violations along the Bear Canyon trail necessary to meet legal standards; and
>
> b. any claims against Plaintiff regarding any past maintenance on the Bear Canyon trail.

With respect to the covenants identified above in subparagraphs (a) and (b), the United States agrees that, within 60 days of this Agreement being lodged with the Court, and subject to the satisfactory performance by Plaintiff of its obligations under this Consent Decree, the United States will voluntarily dismiss with prejudice any pending claims for monetary relief, including any claim for recoupment or past maintenance.

9. **General Reservation of Rights**. The covenants not to sue set forth in Paragraph 8 do not pertain to any matters other than those expressly specified therein. The United States reserves onto itself, and this Consent Decree is without prejudice to, all rights against Plaintiff with respect to all matters not expressly included within the United States' covenants. Notwithstanding any other provision of this Consent Decree, the United States reserves onto

itself all rights against Plaintiff with respect to liability for failure by Plaintiff to meet a requirement of this Consent Decree and to enforce compliance with its terms. Additionally, this Consent Decree is without prejudice to the USFS' authority to manage NFS lands and take enforcement thereon, including but not limited to under 16 U.S.C. § 551, 23 U.S.C. 205, and 36 C.F.R. parts 212, 251, 261 (as amended).

## VII. GALLATIN COUNTY OBLIGATIONS

10. Segment 1 obligations. Plaintiff will keep the existing Bear Canyon trail open and functional for current recreational uses. Specifically, Gallatin County will manage the Bear Canyon trail at the start of Segment 1 to allow for year around public recreational access on and across the entirety of Segment 1. Plaintiff will restrict motorized use, in accordance with Montana law, on the Bear Canyon trail by, at a minimum, only allowing motorized vehicles 50 inches or less on Segment 1 between July 16 and December 1; Plaintiff may further restrict use of Segment 1, in accordance with Montana law. If the need for Enforcement arises, Plaintiff will be responsible for Enforcing any restriction on motorized use on Segment 1. Notwithstanding these restrictions on Segment 1, Plaintiff agrees that motorized use by the USFS and its agents is permitted across Segment 1, in special circumstances and consistent with USFS past practices, when needed for limited purposes such as administrative, law enforcement, or fire-response needs.

11. Segment 2 obligations. In order to prevent damages to land and resources, Plaintiff will take actions, in accordance with Montana law, to restrict all motorized use on that portion of trail that begins at the end of Segment 1 (i.e., the footbridge) and ends at the end of Segment 2, consistent with the State Easement. If the need for Enforcement arises, Plaintiff will be solely responsible for Enforcing any restriction on motorized use in Segment 2. Notwithstanding

11

Plaintiff's Enforcement obligations along Segment 2, Plaintiff will coordinate its Enforcement actions along Segment 2 with the USFS if unauthorized motorized use on Segment 2 has any impact on NFS lands.

12. Segment 3 obligations. Plaintiff will not be responsible for any Maintenance on or across Segment 3, unless recreational use by the public generates resource impacts along Segment 3, in which event Plaintiff agrees to address such impact(s) and repair or mitigate them in a timely fashion, based on the severity and immediacy of the impact on the resource. Nothing in this Agreement obligates the USFS to be responsible for any Maintenance of Segment 3. Plaintiff acknowledges any planned Maintenance related to Segment 3 will be conducted in accordance with applicable State and Federal law. Plaintiff acknowledges that Segment 3 is immediately adjacent to, and intersects "Bear Creek", a perineal class 1 stream, and any maintenance, construction or improvements will be conducted in accordance with relevant law in order to protect the stream bed, banks, riparian vegetation and associated water quality and may require approval from the USFS. Plaintiff's Maintenance obligations under this Agreement related to Segment 3 are limited to the traveled way.

13. Segment 4 obligations. In the event the USFS proposes any changes or amendments to its Travel Plan that change or modify the travel use restrictions to the right of the public to travel on Segment 4, it will notify Gallatin County, as outlined below.  Gallatin County will use best efforts and cooperate in good faith with the USFS to identify any issues and concerns of interest to Gallatin County that affect Segment 4 as a right of way open for public travel.  Gallatin County will work cooperatively with the USFS in identifying ways to mitigate or otherwise minimize the impact of those items of concern or interest to Gallatin County as a result of the proposed Travel Plan change(s).

14. Notwithstanding Plaintiff's obligations set forth herein, it may, in limited or special circumstances, grant or allow individual permit or license holders to use Segment 1 or 2 in a manner otherwise prohibited by this Agreement as long as such use is consistent with relevant law. The Parties anticipate that such circumstances will be consistent with and intended to facilitate historic uses, such as the movement of cattle to grazing allotments. Plaintiff will give notice to the USFS of such uses in order for it to act under Paragraph 16 below.

### VIII. UNITED STATES OBLIGATIONS

15. Segment 1 obligations. The United States agrees that Segment 1 will be managed and controlled by Gallatin County. The United States further agrees, within 60 days of the Effective Date of this Consent Decree, to amend and restate the Right of Way Deed, Easement No. D-14509, referred to above in Paragraph I to remove segments 1 through 35 from said Deed. The Parties may mutually agree to extend this date in writing.

16. Segment 3 obligations. In the event Plaintiff, consistent with Paragraph 14 above, grants or allows an individual permit or license holder to use Segment 1 or 2 a manner otherwise prohibited by this Agreement, the United States agrees to cooperate in good faith with the Plaintiff to authorize such individual permit or license holders to use Segment 3 in an otherwise prohibited manner as long as such use is consistent with relevant law and with USFS permitting requirements.

17. Segment 4 obligations. USFS agrees that Segment 4 shall remain a right of way open for public travel and the USFS agrees that, no less than 6 months prior to making any changes or amendments to its Travel Plan that change or modify the travel use restrictions on Segment 4, the USFS will confer with Plaintiff and make a good faith effort to obtain Plaintiff's agreement on any such proposed changes or amendment. Specifically, in the event Plaintiff identifies any

issues or concerns of interest to Plaintiff as a result of a proposed Travel Plan change or
amendment, the USFS agrees to work cooperatively with Plaintiff in identifying ways to mitigate
or otherwise minimize the impact of those items of concern or interest to Gallatin County.

## IX. PARTIES' SIGNAGE OBLIGATIONS

18. Within 1 year of the Effective Date of this Consent Decree, the Plaintiff will place
signage at the commencement of Segment 1 that provides members of the public with
information concerning any trail(s) in the area, and their applicable restrictions, if any. The
Parties may mutually agree to extend this date in writing. Additionally, the Parties agree the
signage at the commencement of Segment 1 will direct the public to the start of Forest Service
Trail No. 440. The Parties agree to cooperate in good faith regarding the signage Plaintiff posts
at the commencement of Segment 1, including but not limited to the text and any graphical
information depicted on the signage, as well as the signage dimensions and location, and signage
maintenance. The Parties further agree that neither party is obligated to place any other signage
along any other segment.

## X. NOTIFICATION AND COORDINATION

19. For purposes of providing any notice, communication, and/or coordination as provided
for in this Agreement, the Parties have designated the following representatives:

Gallatin County:

Chair
Board of Gallatin County Commissioners
311 W. Main
Bozeman, MT 59715
(406) 582-3000

U.S. Forest Service:

District Ranger
Custer Gallatin National Forest

14

Bozeman Ranger District
3710 Fallon Street, Suite C
Bozeman, MT 59718
(406) 522-2520

20. If either Party changes its representative, such Party intends to notify the other as soon as practicable.

## XI. COMPLIANCE WITH THE ANTI-DEFICIENCY ACT

21. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-44 and 1511-19, or any other applicable provision of law.

## XII. EFFECT OF SETTLEMENT/THIRD PARTIES

22. Nothing in this Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Agreement.

## XIII. EFFECT OF SETTLEMENT/ENTRY OF JUDGMENT

23. This Agreement was negotiated and executed by the Parties in good faith and at arm's length and is a fair and equitable compromise of claims that were vigorously contested. This Agreement and the Parties' performance of any obligations hereunder shall not constitute or be construed as an admission of any liability by any Party. Nor shall they constitute or be construed as an admission or denial of any factual allegation or legal conclusions.

24. Upon approval and entry of this Agreement by the Court, which approval is subject to the Parties' voluntarily dismissal of its respective monetary claims, as referred to above in Paragraphs 6 and 8, this Agreement shall constitute a final judgment with respect to the claims resolved by this Agreement.

## XIV. RETENTION OF JURISDICTION

25. This Court retains jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling either Party to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

## XV. NO USE AS EVIDENCE

26. This Agreement shall not be admissible as evidence in any proceeding other than an action brought by a Party to enforce this Agreement. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI. GOVERNING LAW

27. This Agreement shall be governed by and construed in accordance with United States federal law.

## XVII. SEVERABILITY

28. If any provision of this Agreement is deemed invalid or unenforceable, the balance of this Agreement shall remain in full force and effect.

## XVIII. HEADINGS

29. Any paragraph headings to this Agreement are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provision of this Agreement.

## XIX. ORIGINAL COUNTERPARTS

30. This Agreement may be executed in any number of original counterparts, all of which together shall be deemed to constitute one agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts. Signatures transmitted by email shall have the same force and effect as original signatures.

## XX. INTEGRATION PROVISION

31. This Agreement constitutes the entire Agreement between the Parties with respect to the subject matter addressed herein. All prior drafts or writings and all prior contracts, agreements, understandings, discussions or negotiations, oral or written, relating to the subject matter hereof are specifically and fully superseded by this Agreement and may not be used to vary or contest the terms of this Agreement. There are no warranties or representations, oral or written, relating to the subject matter hereof that are not fully expressed or provided for herein.

## XXI. EXHIBITS

32. The following exhibits are attached to and incorporated into this Consent Decree:

"Exhibit A" a two-page map of the land area subject to this Consent Decree.

## XXII. MODIFICATION

33. This Agreement shall not be modified or amended except by mutual written consent of the Parties and subsequent Court approval.

## XXIII. REPRESENTATIVE AUTHORITY

34. Each signatory to this Agreement hereby certifies that he/she has been duly authorized to enter into this Agreement by the Party on whose behalf the signatory indicates he/she is signing.

35. Approval by the Plaintiff has been subject to notice to the public and opportunity for the public to comment regarding Plaintiff's entry into this Consent Decree.

17

## XXIV. FINAL JUDGMENT

36. Upon approval and entry of this Consent Decree by the Court, which approval is subject
to the Parties' voluntarily dismissal of its respective monetary claims, as referred to above in
Paragraphs 6 and 8, this Consent Decree shall constitute a final judgment between and among the
United States, the State, and Defendant. The Court enters this judgment as a final judgment
under Fed. R. Civ. P. 54 and 58.

DATED this 5th day of February, 2021.


Dana L. Christensen, District Judge
United States District Court

18

Signature Page for Consent Decree for Plaintiff Gallatin County

FOR GALLATIN COUNTY, MONTANA

_____
Chair
Board of Gallatin County Commissioners

_____
12/1/2020
Dated

Attest:

_____
Gallatin County Clerk and Recorder

_____
12/1/20
Dated

ATTORNEY FOR PLAINTIFF:

_____
Christopher B. Gray

_____
December 1, 2020
Dated

19

Signature Page for Consent Decree for Defendant United States of America

FOR UNITED STATES OF AMERICA

KURT G. ALME
United States Attorney

Victoria Francis
Assistant U.S. Attorney
Attorney for Defendant

$/-22-2/$

Dated

Mary Erickson
Forest Supervisor
U.S. Forest Service
Custer Gallatin National Forest

$1/22/21$

Dated

20